J-S37039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                                   :
            v.                       :
                                   :
                                   :
JAMES JONES,                   :
                                   :
            Appellant          :    No. 584 EDA 2023

Appeal from the PCRA Order Entered February 3, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0907751-1993

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:           **FILED NOVEMBER 7, 2023**

James Jones (Appellant) appeals *pro se* from the order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously explained:

A jury convicted Appellant of murder of the first degree, robbery, and possessing an instrument of crime.  On April 3, 1995, the court sentenced him to life imprisonment on the count of murder, and a consecutive term of four to eight years for robbery.  This Court affirmed his judgment of sentence after a *nunc pro tunc* appeal, on August 22, 1997.  **Commonwealth v. Jones**, 704 A.2d 692 (Pa. Super. 1997) (unpublished memorandum).  Our Supreme Court denied allowance of appeal on February 23, 1998.  **Commonwealth v. Jones**, 716 A.2d 1248 (Pa. 1998).  Appellant did not petition the United States Supreme Court for a writ of *certiorari.*

*Commonwealth v. Jones*, No. 1438 EDA 2012, at *1 (Pa. Super. Ct. Feb. 19, 2013) (unpublished memorandum) (affirming denial of Appellant's second PCRA petition).

Appellant filed the instant *pro se* PCRA petition, his fourth, on October 23, 2018. On December 19, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The PCRA court determined Appellant's petition "was untimely filed and does not plead and prove any exception to the PCRA's time-bar." PCRA Court Opinion, 2/3/23, at 1. The PCRA court entered an order dismissing Appellant's petition on February 3, 2023. Appellant timely appealed.

As the Commonwealth observes, Appellant filed the instant PCRA petition while his petition for allowance of appeal of his third PCRA petition was pending before the Pennsylvania Supreme Court. Commonwealth Brief at 4. The Commonwealth argues "the PCRA court lacked jurisdiction to address the petition and this Court lacks jurisdiction" to address the appeal.[1] *Id.* We agree.

The docket indicates that on August 4, 2017, Appellant filed a notice of appeal, docketed at No. 2570 EDA 2017, from the denial of his third PCRA petition. This Court affirmed the dismissal of the third PCRA petition on

---

[1] In the alternative, the Commonwealth argues the PCRA court properly dismissed Appellant's PCRA petition because Appellant "untimely filed his PCRA petition and failed to plead and prove the applicability of an exception to the PCRA time-bar." Commonwealth Brief at 4.

September 21, 2018. ***Commonwealth v. Jones***, No. 2570 EDA 2017 (Pa. Super. Sept. 21, 2018) (unpublished memorandum). On October 11, 2018, Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court at No. 539 EAL 2018. Thus, the record confirms that Appellant filed the instant PCRA petition while the prior petition was pending review.

On June 12, 2023, this Court issued a rule to show cause directing Appellant to explain why this appeal should not be quashed pursuant to ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (overruled on other grounds) (holding that when a PCRA appeal is pending, an appellant may not file a subsequent PCRA petition until the appeal is resolved).

Appellant filed a response admitting that he filed the instant PCRA petition while his petition for allowance of appeal was pending. Response, 7/17/23, at 1-2 (unpaginated). By *per curiam* order, this Court referred the issue to this merits panel and discharged the rule to show cause.

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. ***Commonwealth v. Lark***, 560 Pa. 487, 746 A.2d 585, 588 (Pa. 2000); ***see also Commonwealth v. Montgomery***, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), ***appeal denied***, 647 Pa. 570, 190 A.3d 1134 (Pa. 2018) (reaffirming that ***Lark*** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the

order denying a prior petition." ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. ***Id.*** If the petitioner pursues the pending appeal, then the PCRA court is required under ***Lark*** to dismiss any subsequent PCRA petitions filed while that appeal is pending. ***Lark***, ***supra***.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. ***Id.***; ***see also Commonwealth v. Porter***, 613 Pa. 510, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019).

It is undisputed that Appellant's petition for allowance of appeal was pending with the Pennsylvania Supreme Court when Appellant filed the instant PCRA petition.[2] Nonetheless, the PCRA court dismissed Appellant's petition as untimely. We may affirm a PCRA court's decision on any legal basis supported by the record. ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa. Super. 2022). Accordingly, we affirm the dismissal of Appellant's fourth PCRA petition for lack of jurisdiction because Appellant's third PCRA petition was pending before the Pennsylvania Supreme Court.

Order affirmed.

---

[2] The Pennsylvania Supreme Court denied the petition on April 3, 2019. ***Commonwealth v. Jones***, 205 A.3d 1234 (Pa. 2019).

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/7/2023